**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

---

**SHELTER INSURANCE COMPANY,**                                    **PLAINTIFFS**
**BARBARA STEWART and GEICO GENERAL**
**INSURANCE COMPANY**

**V.**                                                                                      **1:03CV592**

**MERCEDES BENZ, U.S.A.**                                          **DEFENDANT**

---

## ORDER

This cause comes before the Court on the defendant's motion to dismiss Geico General

Insurance Company ("Geico") as a plaintiff in the above-styled case [91-1]. The defendant avers that

dismissal is appropriate pursuant to Rules 37 and 41(b) of the Federal Rules of Civil Procedure and

Rule 37.1 of the Uniform Local Rules because of Geico's failure to prosecute its claim and for

discovery violations. Geico did not initially filed this lawsuit, but rather joined later as a party-

plaintiff seeking recovery for the amount it paid co-plaintiff Barbara Stewart to replace her Mercedes

vehicle which was destroyed on November 21, 2001 in the events underlying this suit. Since then,

Geico has apparently done nothing to advance its claims or to participate in this lawsuit. The

defendant avers that Geico has not complied in any way in its discovery obligations in this action,

that Geico has never served its Rule 26(a) core disclosures or responses to the defendant's discovery

requests, both of which are, as of this writing, more than ten months overdue. Geico has failed to

produce a witness or deponent pursuant to Rule 30(b)(6), and it has identified only one witness with

relevant information, Geico employee Kate Cooper. Geico cancelled Cooper's deposition twice.

Finally, Geico has not even responded to the instant motion to dismiss.

It is well established that a district court may dismiss an action, even sua sponte, for failure

to prosecute or to comply with any court order.  <u>See</u> Fed. R. Civ. P. 41(b); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).  Although dismissal of a party is a harsh action, it clearly seems warranted in the case at bar, at least according to the unanswered allegations of the defendant.

Accordingly, it is hereby ORDERED that the plaintiff Geico shall have ten (10) days from the entry of this order in which to enter a response to the motion to dismiss.  Failure to respond within that time will result in dismissal of Geico's claims in this case.

This is the 9th day of November, 2005.


       **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**