IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SHELTER INSURANCE COMPANY and                      PLAINTIFFS
BARBARA STEWART

vs.                      CIVIL ACTION NUMBER 1:03CV592-M-D

MERCEDES BENZ, USA                      DEFENDANT

**ORDER**

This cause comes before the Court on the plaintiffs' motion to alter or amend the judgment [181-1] in the above-styled case pursuant to Rule 59(e). The Court has reviewed the briefs and exhibits and is prepared to rule.

Trial in this matter began on February 7, 2006. At the conclusion of the plaintiffs' case-in-chief, the plaintiffs abandoned every one of their claims except for their cause of action for manufacturing defect. The Court then granted the defendant's motion for directed verdict as to the sole remaining issue, finding that the plaintiffs had failed to present any evidence as to the manufacturer's specifications for the allegedly defective car which was at the heart of the case and that such failure was an essential element of a manufacturing defect claim under the Mississippi Products Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63(a)(i)(1), (a)(iii)(Rev. 2002).

The plaintiffs have since filed the instant motion to alter or amend the judgment under Rule 59(e). The granting of such motions is an extraordinary measure which the court should exercise sparingly. See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2d § 2810.1, p. 124. The Fifth Circuit standard "favors denial of motions to alter or amend a judgment." Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th

Cir. 1993). The permissible grounds for granting a request to alter or amend a judgment under Rule 59(e) are as follows: (1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law. In re Self, 172 F.Supp.2d 813, 816 (W.D.La. 2001). The plaintiffs' motion appears to be based on the first ground – to correct a manifest error of law.

The plaintiffs argue that, by directing verdict against them on the manufacturing defect claim for failure to present evidence of the manufacturer's specifications, the Court has misread the Mississippi Supreme Court's ruing in Cooper Tire & Rubber Co. v. Tuckier, 826 So.2d 679 (Miss. 2002). In Cooper Tire, the alleged manufacturing defect consisted of a separated tire tread which the plaintiff argued was caused by the defendant corporation's use of "bad stock" rubber instead of "good stock" rubber. Cooper Tire, 826 So.2d at 682. The defendant corporation argued that the trial court should have granted its motion for directed verdict because the plaintiffs had failed to put on any evidence of the manufacturer's specifications for the type of tire at issue, let alone demonstrate any deviation between the specifications and the defective product. Id.

The Court held that under the MPLA, a plaintiff could prove her prima facie case without putting on evidence of the actual manufacturer's specifications by instead putting on evidence that the defective products were manufactured with inferior or defective materials. Id. at 683. In particular, the plaintiff's theory of the case was that the defect in the tire was caused by use of "bad stock" rubber which had been left out for several weeks over a holiday shut-down at the plant where they were manufactured. Id. The Court reasoned that use of defective material in the manufacture of an ultimately defective product satisfied MPLA even without evidence of the manufacturer's specifications, since no manufacturer's specifications could reasonably call for substandard materials. Id.

The Court finds that <u>Cooper Tire</u> is distinguishable from the case at bar. The plaintiffs presented no evidence of substandard materials used in the manufacture of the allegely defective car. Indeed, when asked repeatedly by the Court about how the car deviated from the manufacturer's specifications, the basic response was simply that the car caught fire. The fact that the car caught fire (assuming that it did – the defendants disputed the origin of the fire vigorously and the plaintiffs' proof of causation was problematical, regardless of the theory of liabilty) does not automatically show that the fire was caused by a manufacturing defect. The plaintiffs were required to show that the defective car deviated in some way from the standard design – whether through active deviation from the manufacturer's specifications or the use of inferior materials – and that the deviation resulted in the damages claimed. The plaintiffs failed to do so. Accordingly, directed verdict was proper.

Based on the foregoing analysis, it is hereby ORDERED that the plaintiffs' motion to alter or amend the verdict [181-1] is DENIED.

This is the 8th day of June, 2006.

                                                   **/s/ Michael P. Mills**
                                                   **UNITED STATES DISTRICT JUDGE**